STATE OF NORTH CAROLINA
v.
ERNEST HILTON
No. COA08-321
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.
Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.
WYNN, Judge.
Defendant Ernest Hilton appeals from a criminal conviction for first-degree sexual offense against a child under the age of thirteen years, arguing that the trial court erred by admitting hearsay statements under the residual hearsay exception and the medical diagnosis and treatment hearsay exception. After careful review, we conclude that the trial court committed no prejudicial errors.
On 11 July 2005, Defendant was indicted in Cleveland County for first-degree sexual offense against a child under the age of thirteen. At the time the alleged offense began, J.H., Defendant's son, was in first grade and living in Shelby with both parents at the home of his grandmother. J.H. testified at trial that Defendant used to touch his "privates" and described where his father would touch him as the part he would "pee with." Further, J.H. demonstrated with puppets how Defendant touched him on the evening of 2 April 2005. Defendant came under investigation by the Department of Social Services ("DSS") after allegations of sexual abuse were reported by J.H.'s teacher and the school's guidance counselor.
In May 2005, DSS investigator Crystal Blanton interviewed J.H. at school and later visited J.H.'s home, where she interviewed Defendant and J.H.'s mother. On 2 June 2005, Dr. Patricia Pitcher conducted a Child Medical Examination Program exam, during which she conducted a physical exam and one-on-one interview with J.H. Dr. Pitcher testified that her physical examination of J.H. revealed "anal laxity" which she explained "is not the typical finding we see with kids." Further, she opined that "[c]ertainly the history that [J.H.] gave of anal penetration, chronic recurrent, would result in anal laxity" and that the event causing the laxity "would have to have occurred . . . within the last six months."
Following a jury verdict convicting Defendant of first-degree sexual offense against a child under the age of thirteen, the trial court sentenced Defendant to a term of no more than 355 and no less than 288 months imprisonment. Further, the court concluded that Defendant was a sexually violent predator as defined by Article 27A of Chapter 14 of the General Statutes, and that he was required to register and maintain registration as a sexually violent offender for the remainder of his life.
On appeal to this Court, Defendant argues the trial court erred by admitting as substantive evidence hearsay statements under the residual hearsay exception and the medical diagnosis and treatment hearsay exception. We disagree.

I.
First, Defendant argues that the trial court erred in admitting the testimonies of Ms. Blanton and Ms. McDowell, J.H.'s first grade teacher, as substantive evidence under N.C. Gen. Stat. § 8C-1, Rule 804(b)(5), the residual hearsay exception. Rule 804(b)(5) states that where a declarant is deemed unavailable to testify, statements "having equivalent circumstantial guarantees of trustworthiness" may still be admissible as substantive evidence under limited circumstances. N.C. Gen. Stat. § 8C-1, Rule 804(b)(5) (2007). Here, Defendant only contests the court's finding that the declarant was unavailable, and not its finding that the statements made by the declarant possess the requisite "circumstantial guarantees of trustworthiness." Id.
In State v. Triplett, 316 N.C. 1, 340 S.E.2d 736 (1986), our Supreme Court held that the admissibility inquiry under the residual hearsay exceptions, Rules 804(b)(5) and 803(24), are the same aside from the unavailability requirement of Rule 804(b)(5). With the exception of unavailability, "Rule 804(b)(5) is a verbatim copy of Rule 803(24)." Triplett, 316 N.C. at 7, 340 S.E.2d at 740. Accordingly, our Supreme Court also concluded that the threshold determination under both rules is whether the "proffered statement possesses `equivalent circumstantial guarantees of trustworthiness.'" State v. Smith, 315 N.C. 76, 94, 337 S.E.2d 833, 845 (1985).
Here, the trial court made specific findings regarding the circumstantial guarantees of trustworthiness in the statements made to Ms. McDowell and Ms. Blanton. With regard to the statements J.H. made to Ms. McDowell, the trial court found:
the statements were made when the teacher . . . confronted the child regarding a report she had received by students of the child rubbing himself against the wall of the school; . . . that the teacher asked the child why he was engaged in the conduct but did not suggest a reason to him, and that the child volunteered that his father had touched him inappropriately in a similar manner; that the child's reason for the conduct was given spontaneously to the teacher; that the teacher did not threaten the child.
The trial court also found, as to the statements made to both Ms. McDowell and Ms. Blanton, "there is no indication the child has any motive to lie" and that "the child has never recanted those statements." Thus, we conclude that, regardless of whether the trial court properly found the declarant unavailable, the statements made to Ms. Blanton and Ms. McDowell were found to possess circumstantial guarantees of trustworthiness and were admissible under Rule 803(24).

II.
Next, Defendant argues that the trial court erred in admitting hearsay statements by Defendant's sons to Mr. Potter, a licensed clinical counselor, under the exception for statements made for the purpose of medical treatment or diagnosis. Under Rule 803(4) of the N.C. Rules of Evidence, the following statements are not excluded under the hearsay rule even though the declarant is available:
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
N.C. Gen. Stat. § 8C-1, Rule 803(4) (2007). In assessing whether a declarant's statements are admissible under this exception, a court must examine "(1) whether the declarant's statements were made for purposes of medical diagnosis or treatment; and (2) whether the declarant's statements were reasonably pertinent to diagnosis or treatment." State v. Hinnant, 351 N.C. 277, 284, 523 S.E.2d 663, 667 (2000). "[T]he proponent of Rule 803(4) testimony must affirmatively establish that the declarant had the requisite intent by demonstrating that the declarant made the statements understanding that they would lead to medical diagnosis or treatment." Id at 287, 523 S.E.2d at 669. Defendant argues that the State failed to provide this required foundation, rendering the testimony inadmissible under this exception to the hearsay rule.
Our Supreme Court in Hinnant established that the court "should consider all objective circumstances of record surrounding declarant's statements in determining whether he or she possessed the requisite intent under Rule 803(4)." Hinnant, 351 N.C. at 288, 523 S.E.2d at 670. However, the Court also stated in Hinnant that"Rule 803(4) does not include statements to non physicians made after the declarant has already received initial medical treatment and diagnosis" as these statements generally lack treatment-motivated guarantees of trustworthiness. Id. at 289, 523 S.E.2d at 670 (holding that statements made to a psychologist two weeks after the child had received initial medical treatment for sexual abuse had been improperly admitted). In interpreting Hinnant, this Court has identified the following factors to be considered when evaluating a child's motivation for truthfulness: "whether an adult explained to the child the need for treatment and the importance of truthfulness; with whom and under what circumstances the declarant was speaking; the setting of the interview; and the nature of the questions." State v. Bates, 140 N.C. App. 743, 745, 538 S.E.2d 597, 599 (2000) (finding that the declarant's statements lacked the proper foundation where the psychologist used leading questions and the victim was questioned in a non-medical environment) disc. review denied, 353 N.C. 383, 547 S.E.2d 20 (2001).
Here, Mr. Potter provided therapy to Defendant's children, including the two declarants of the statements at issue, intermittently beginning in July 2006. During voir dire, Mr. Potter testified that he talked with both boys about why they were coming to see him, stating that he told them they were there to "talk about abuse, sexual abuse allegations that had been made" and "[t]o help them process it, help them deal with it, help them cope and help them accept or deal with those issues." Based on this foundation, the trial court determined that the declarants understood that they were receiving treatment from Mr. Potter and that the statements met the requirements of admissibility under the medical treatment exception to the hearsay rule. Mr. Potter then testified that, according to both children, they had been sexually abused by the Defendant and their uncle, and that genital touching, oral sex, and anal sex occurred.
While the record indicates that the declarants understood they were seeing Mr. Potter in order to help them cope with issues related to sexual abuse, there is insufficient evidence in the record to affirmatively establish that declarants had the requisite treatment-motivation at the time the statements were made to Mr. Potter. Applying the objective circumstances test and the factors set out in Bates, there is no evidence in the record to indicate that the sessions took place in a medical environment or that the nature of the questions posed to the children were general and not leading questions. Further, these sessions did not begin until over a year after the declarants were first examined in connection with the alleged abuse. Most importantly, there is nothing in the record to indicate that Mr. Potter discussed with the declarants the importance of being truthful. Given that Mr. Potter responded with an uncertain, "I think so," when asked if he believed the declarants understood the concept of telling the truth, we find that the court erred in allowing the admission of these statements under Rule 803(4).
Defendant argues that the admission of hearsay statements in Mr. Potter's testimony was a prejudicial error because, without thetestimony of Mr. Potter, there is no evidence that the Defendant committed a "sexual act." See N.C. Gen. Stat. § 14-27.1(4) (2005) (defining "sexual act" as "cunnilingus, fellatio, analingus, or anal intercourse" as well as "the penetration, however slight, by any object into the genital or anal opening of another person's body"). We disagree.
Mr. Potter's testimony is not the only substantive evidence presented at trial that Defendant committed a "sexual act." Ms. McDowell testified that she witnessed the following exchange between J.H. and the school's guidance counselor:
[J.H.] took the duck puppet and put it on her desk. Mrs. Bruce asked him who that was and he said him. Then he took the koala bear puppet and put it on his hand and she asked who that was and he said his dad. . . . So he quickly took the koala bear and touched the koala bear's mouth and then hands to the duck. Mrs. Bruce asked him what area he was touching and he said his private parts.
Further, Ms. Blanton testified that during her interview with J.H., he said that "his dad put his mouth on his private part" and again demonstrated Defendant's conduct using puppets. Given that Ms. Blanton and Ms. McDowell's testimony, taken in the light most favorable to the State, tend to show that Defendant committed a sexual act with J.H., we find the trial court committed no prejudicial error in admitting the hearsay testimony of Mr. Potter.
No prejudicial error.
Judge BRYANT concurs.
Judge ARROWOOD concurs prior to 31 December 2008.
Report per Rule 30(e).